UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **FRED LEE PRETLOW,** | ) | **CASE NO. 1:21 CV 94** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PAMELA A. BARKER** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **ABDULLAH HOLOZADAH,** *et al.*, | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Fred Lee Pretlow filed this action under 18 U.S.C. §§ 875, 1001, 15 U.S.C. § 45, and 12 U.S.C. § 5563 against Farla, LLC Manager Abdullah Holozadah, Mr. Cooper, Nationstar Mortgage, LLC, Lasalle Bank National Association, and US Bank National Association as Trustee for Merrill Lynch. Plaintiff's Complaint contains few allegations making it difficult to determine the precise nature of his claims against each of the Defendants. It appears that he may be contesting a foreclosure action and subsequent eviction. He asserts claims under two criminal statutes, an antitrust statute, and a statute providing for remedies with the Bureau of Consumer Financial Protection. He asks this Court to enjoin the Defendants, and vacate rulings pertaining to the property located at 475 East College Street, Oberlin, Ohio. He also seeks punitive damages.

## Background

Plaintiff's Complaint contains very little information. Plaintiff states:

1

> Defendant 1 and Defendant 2 [both of whom are Abdullah Holozadah] has threatened the Plaintiff by bringing the Oberlin police to his house and instructed the police to kick the back door in causing extensive damage to the Plaintiff's back door, putting handcuffs on the Plaintiff and accusing him of squatting, and causing the Plaintiff and the Plaintiff's family emotional duress. Defendant 3 through 7 [Mr. Cooper and US National Bank] are using unfair and deceptive acts and practices and deliberately misleading representation by saying they are Nationstar Mortgage then they are Mr. Cooper which is confusing negotiations with them. Defendant 3 through 7 [Cooper, Nationstar Mortgage, LaSalle Bank and Lasalle Bank dba Home Loan Services, and US Bank] consistently broke federal laws restricting dual tracking that the federal government put in place in 2014 that prevented the Plaintiff from obtaining and securing a loan.

(Doc. No. 1 at 5). In addition, he states:

> The facts are that the Plaintiff has mail underlying what Defendants 1 through 7 said telling Plaintiff he needs to [sic] that they will work with him when clearly they have no intention to. Defendants 3 through 7 claim to be trying to negotiate with the Plaintiff, however, they keep contacting me separately under Nationstar Mortgage LLC and under Mr. Cooper which is greatly confusing the negotiations. The government has allowed victims due process even in foreclosure matters but Defendants 3 through 7 has caused undue and emotional duress by constantly breaking federal laws restricting the practice of dual tracking by loan servicers which both Defendants 3 through 7 are. Also, as of December 7th, 2020, Defendant 3 and Defendant 4 agreed to a settlement of $110 million dollars with each of the United States 50 Attorney Generals for continuing to perform this same practice. Defendants 1, through 7 continue to ignore the federal moratorium on evictions and foreclosures by attempting to

(Doc. No. 1 at 6). Plaintiff does not include any other factual allegations in his Complaint.

The Lorain County Court of Common Pleas docket reflects that Lasalle Bank filed a foreclosure action pertaining to the property located at 475 East College Street, Oberlin, Ohio against Plaintiff in 2009. *See Lasalle Bank, N.A. v. Pretlow*, No. 09CV160540 (Lorain Cty Ct.

2

Comm. Pl. July 9, 2009). The court granted a judgment in favor of Lasalle in July 2009. *Id.* From July 2009 until September 2019, the property was alternately set for and withdrawn from sheriff's sale numerous times. Finally, in September 2019, Lasalle Bank purchased the property at sheriff's sale. The sale was confirmed by the court on November 1, 2019.

It appears Lasalle Bank sold, transferred or assigned its interest in the property to Farla, LLC. The Oberlin Municipal Court docket indicates that Farla, LLC filed an eviction action against Plaintiff in the Oberlin Municipal Court on January 22, 2021. *See Farla, LLC v. Pretlow*, No. 21 CVG 00052 (Oberlin Muni Ct. filed Jan. 26, 2021). The municipal court granted judgment in favor of Farla, LLC in February 2021. Plaintiff appealed that decision in March 2021. That appeal appears to be pending.

Plaintiff cites four statutes for his legal causes of action. The first two statutes, 18 U.S.C. §§ 875 and 1001, provide for criminal penalties for demanding ransom or committing extortion through interstate communications and making false statements in federal government proceedings. The third statute, 15 U.S.C. § 45, is a provision of the Federal Trade Commission Act. The fourth statute cited by Plaintiff, 12 U.S.C. § 5563, sets forth the procedure for bringing a claim for relief before the Bureau of Consumer Financial Protection, and the procedure for filing an appeal of the Bureau's decision. He asks this Court to enjoin the Defendants and vacate the state court rulings. He also seeks monetary damages.

**Standard of Review**

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490

3

U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**Analysis**

As an initial matter, Plaintiff has not stated a claim upon which relief may be granted. He includes very few factual allegations. Furthermore, he does not assert a viable legal cause of action. His reference to 18 U.S.C. §§ 875 and 1001 is unavailing. These statutes provide for criminal penalties for federal crimes. They do not provide a private right to bring a claim in a civil cause of action. Title 15 U.S.C. § 45 provides for enforcement of antitrust provisions. It also does not provide a private right of action in a civil case. *Morales v. Walker Motors Sales, Inc.*, 162 F. Supp. 2d 786, 790 (S.D. Ohio 2000); *Arnold v. Vanpaemel*, No. 2:16-CV-13112, 2017

4

WL 131559, at *1 (E.D. Mich. Jan. 13, 2017). Finally, 12 U.S.C. § 5563 details the process for a hearing with the Bureau of Consumer Financial Protection. It does not contain a substantive cause of action. There is no suggestion in the Complaint that Plaintiff filed a claim with the Bureau of Consumer Financial Protection. Moreover, appeals from Bureau decisions must be brought in the United States Circuit Court of Appeals for the principal office of the entity or the District of Columbia Circuit Court of Appeals. It does not provide a basis for bringing any claim to the District Court.

Even if Plaintiff had brought a viable cause of action, this Court could not grant the relief Plaintiff is seeking, namely enjoining the Defendants and vacating state court orders. United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id*. Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt* 688 F.3d 290, 298-99 (6th Cir. 2012).

The Rooker-Feldman doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a). *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). This statute was enacted to prevent end-runs around state court judgments by requiring litigants seeking review of that judgment to file a writ of certiorari with

the United States Supreme Court. The Rooker-Feldman doctrine is based on the negative inference that, if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

Rooker-Feldman is a doctrine with narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99. It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry,* 688 F.3d 299. Instead, the Rooker-Feldman doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether Rooker-Feldman bars a claim, the Court must look to the "source of the injury the Plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310. If the source of the Plaintiff's injury is the state-court judgment itself, then the Rooker-Feldman doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the Plaintiff asserts an independent claim." *Id*.; *see Lawrence*, 531 F.3d at 368-69. In conducting this inquiry, the Court should also consider the Plaintiff's requested relief. *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

Here, it is very unclear what Plaintiff's claimed injury is because the allegations in the Complaint are limited. To the extent he is asking the Court to vacate the state court rulings with

6

respect to the Oberlin property or to enjoin the Defendants from enforcing those orders, this Court cannot grant that relief. Those actions would be barred by the Rooker-Feldman Doctrine.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: May 20, 2021

 s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE